# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TIFFANY N. COFFEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 3:17-CR-041-PLR-CCS-10 |
| v. ) | 3:18-CV-489-PLR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion [Doc. 333[1]] will be **DENIED**.[2]

Petitioner pleaded guilty to conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 21 U.S.C. § 841(b)(1)(A) [Doc. 101 p. 1]. In her plea agreement, Petitioner admitted that, during a consent search of her bedroom, police located a safe with a Lorcin .380 caliber semi-automatic weapon, digital scales, glass smoking pipes, packaging bags, a white pill marked "G-13," and two grams of methamphetamine inside, as well as a Davis .32 caliber semi-automatic pistol and a Winchester .308 [*Id.* at 3]. Petitioner also admitted to conspiring to distribute at least one-hundred and fifty but less than five-hundred grams of actual methamphetamine and agreed to a two-level enhancement of her sentence

---

[1] All citations to the record are to the criminal case.

[2] Under Rule 4(b) of the Rules Governing Section 2254 and 2255 cases, this Court must promptly examine a § 2255 motion and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."

due to her possession of the firearm in the safe pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1) [*Id.* at 3–4].

Petitioner's only substantive allegation in her § 2255 petition is that her counsel was ineffective for failing to object to the application of the weapon enhancement to her sentence [Doc. 333 p. 4]. USSG § 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed" during a violation of 21 U.S.C. § 841(b)(1)(A), the defendant's offense level should be increased by two levels. The commentary to the guidelines states that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*, comment. app. n. 11.

Application of the § 2D1.1(b)(1) two-level enhancement has two parts. First, the government must prove by a preponderance of the evidence that the defendant either actually or constructively possessed the firearm. *United States v. Solorio*, 337 F.3d 580, 599 (6th Cir. 2003). "To establish constructive possession, the government must show that the defendant had ownership, dominion, or control over the [firearm] or dominion over the premises where the [firearm] is located." *Id.* (quoting *United States v. Miggins*, 302 F.3d 384, 390–91 (6th Cir. 2002), *cert. denied*, 537 U.S. 1097 (2002–03)). "[T]he burden [then] shifts to the defendant to demonstrate that it was clearly improbable that the weapon was connected to the offense." *Id.*

As set forth above, in her plea agreement, Petitioner admitted that police had located both the relevant firearm and two grams of methamphetamine in a safe in her bedroom and that she had conspired to distribute methamphetamine [*Id.*]. Petitioner also agreed to the application of the enhancement for this firearm [*Id.* at 4]. In her § 2255 petition, Petitioner has not alleged or set forth any evidence to establish that she did not have dominion and control over the firearm in her

safe and/or the premises where the firearm was located or that it was improbable that the firearm was connected to her offense. As such, Petitioner has not met her burden to establish that counsel was deficient with regard to the application of this enhancement. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth a two-pronged test for evaluating claims for ineffective assistance of counsel under which a petitioner must establish both that counsel was deficient and that counsel's deficient performance prejudiced the defense).

As such, Petitioner is not entitled to relief under § 2255 and her § 2255 motion [Doc. 333] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claim deserves further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ISSUE.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**

3